UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTINE MARIE GONZALES,

        Movant,

                                   File No. 1:05-CV-389

v.

                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                 /

## **O P I N I O N**

This matter comes before the Court on Movant Kristine Marie Gonzales' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her by this Court on September 16, 2004.[1]

### I.

On June 18, 2004, Movant entered a plea of guilty in this Court to one count of use of a telephone to facilitate the commission of a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 843(b). On September 16, 2004, she was sentenced to 48 months in prison and a fine. Movant did not appeal her sentence.

---

[1] On June 6, 2006, Movant filed her § 2255 motion on the proper form (Docket #1). On that same date, she filed a "Supplemental Brief Motion to Restore Good Time Pursuant to Title 18 U.S.C. § 3585(b)" (Docket #11), which the Court has construed as a supplement to her § 2255 motion.

In her § 2255 motion, Movant contends that this Court improperly calculated her offense conduct under the United States Sentencing Guidelines. According to her motion, Movant calculates that she should have been scored at a base offense level of 12 and, after adjustments, a total offense level of 7, making her eligible for a sentence of 0 to 6 months. In contrast, the Pre-Sentence Report (PSR) calculated a base offense level of 26 and a total offense level of 27, recommending a Guideline range of 70-87 months, which was reduced to 48 months to reflect the statutory maximum. In her supplement to the § 2255 motion, Movant contends that she should have received credit against her sentence for the approximately five months she was confined between arrest and sentencing.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

3

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief in this matter.

A.   Sentencing Guidelines Challenge

Movant's challenge to the Guidelines range is both procedurally barred and without merit.  As previously discussed, because she failed to appeal her conviction and sentence, Movant may not raise a challenge under § 2255 unless she first demonstrates either cause for the default and actual prejudice or that she is actually innocent.  *Bousley*, 523 U.S. at 622. To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must

point to "some objective factor external to the defense" that prevented her from raising the issue in her direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Movant has failed even to allege cause excusing her default. Further, she makes no allegation of actual innocence. Her Guidelines challenge therefore is procedurally defaulted.

Moreover, mere Guideline error is not ordinarily a proper subject of relief under § 2255. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996); *see also United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1990). Instead, relief under § 2255 is warranted only when a violation of a constitutional right or other significant concern could not have been raised on appeal and resulted in a complete miscarriage of justice. *Frady*, 456 U.S. at 164-66; *Griffin*, 330 F.3d at 736. Movant fails entirely to allege a violation of such magnitude.

Finally, Movant's challenge to the Guidelines calculations is frivolous. Movant does not identify any support for her assertion that her base offense level should have been scored at 12 rather than 26. She fails entirely to address the considerations in the PSR or explain why the calculations were erroneous. The Court has reviewed its Guidelines calculations and finds no error. As a result, the claim, even if not procedurally defaulted, is meritless.

### B.   Sentence Credit

In her supplement to the § 2255 motion, Movant complains that she was arrested on April 16, 2004 and was confined until she was sentenced on September 16, 2004. She asks

the Court to amend its Judgment to provide her credit against her sentence for the five months she served between April and September 2004, in accordance with 18 U.S.C. § 3585(b), which provides in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed . . . .

*Id.*

A person sentenced to a federal term of imprisonment is committed to the custody of the Bureau of Prisons (BOP). *See* 18 U.S.C. § 3621(a). The Supreme Court has held that the Attorney General, by way of the BOP, is authorized to administer the sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The *Wilson* Court held that sentencing credit under 18 U.S.C. § 3585(b) must be computed and applied by the Attorney General and the BOP. *Id.* at 334-35. Only after exhausting her administrative remedies through BOP procedures may a prisoner seek judicial review. *Id.* at 335-36; *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992).

Movant neither alleges nor demonstrates that she has exhausted her admininstrative procedures within the BOP. As a result, the Court is without jurisdiction at this time to review her claim.

**IV.**

Because Movant has failed to meet the cause and prejudice standard, she is barred from raising the sentencing issue in this § 2255 proceeding. She further is barred at this juncture from seeking review of the execution of her sentence.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:   October 26, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE